# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1312V

```
* * * * * * * * * * * * * * * * * * * * * * * *
KANTA SETHI,                          *
                                      *         Filed: February 24, 2026
            Petitioner,               *
                                      *
      v.                              *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
            Respondent.               *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop,* Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Camille Michelle Collett,* U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On September 16, 2022, Kanta Sethi filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from autoimmune encephalitis and/or cerebellitis as a result of her receipt of an influenza vaccine on September 21, 2019. The parties agreed to settle the claim by stipulation (filed on June 4, 2025), and I issued a Decision Awarding Damages shortly thereafter. Decision, dated June 5, 2025 (ECF No. 51).

Petitioner has now filed his motion for attorney's fees and costs accrued while litigating this claim. Motion for Attorneys' Fees and Costs, dated Nov. 19, 2025, (ECF No. 56) ("Mot."). Petitioner requests a total of $109,260.68 (comprised of $73,675.00 in fees and $35,585.68 in

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

costs) for the work performed on the matter. *Id.* at 8; ECF No. 56-2 at 2. This is Petitioner's sole fee request.

Respondent has reacted to Petitioner's fee request. *See* Response, dated Dec. 10, 2025, (ECF No. 57). Respondent defers to my discretion as to whether Petitioner has met the legal and statutory requirements for an fees and costs award, as well as the calculation of the amount to be awarded. *See id.* at 2.

For the reasons set forth below, I hereby grant Petitioner's motion, awarding fees and costs in the total amount of **$109,260.68.**

## ANALYSIS

## I. Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The Fees Motion requests the following rates for her various attorneys, based on the years work was performed:

|  | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **Jeffrey Pop (Attorney)** | $470 | $520 | $520 | $575 | $575 |

| Alexandra Pop (Attorney) | N/A | $385 | $385 | $460 | $460 |
| --- | --- | --- | --- | --- | --- |
| Law Clerks | $150 | $165 | $165 | $185 | $185 |

ECF No. 56-2 at 2.

Mr. Pop and his attorneys practice in Los Angeles, CA—a jurisdiction that has been deemed "in forum." Accordingly, he should be paid in accordance with the rates as established in *McCulloch. See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The rates requested are consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *Trevis v. Sec'y of Health & Hum. Servs.*, No. 21-100V, 2024 WL 4542660, at *1 (Fed. Cl. Sept. 19, 2024). The hours spent on this matter are also reasonable and I find no reason to reduce them, so I shall grant them in full.

## II.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $35,585.68 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with expert Lawrence Steinman, M.D. ECF No. 56-3. Documentation was provided for the Court's filing fee, medical records requests, copying expenses, and mailing expenses, thus I grant these costs in full.

Dr. Steinman is an experienced medical provider and regularly testifies in the Program. Over the course of this claim, Dr. Steinman prepared three expert reports on Petitioner's behalf. Report, dated Nov. 16, 2023, filed as Ex. 17 (ECF No. 18-1); Report, dated July 23, 2024, filed as Ex. 56 (ECF No. 26-1); Report, dated Feb. 27, 2025, filed as Ex. 72 (ECF No. 44-4). For these three reports, Dr. Steinman charged Petitioner $33,000.00, at a rate of $550 per hour for 59.5 hours of work. ECF No. 56-4 at 2. But this rate has not been fully adopted in other fees determinations. *See, e.g., Baxter v. Sec'y of Health & Hum. Servs.,* No. 16-922V, 2023 WL 2320342, at *7 (Fed.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules. https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited Feb. 4, 2026).

Cl. Spec. Mstr. Mar. 2, 2023) (granting Dr. Steinman's requested $550 rate for work performed in 2022, but reducing his rate to $500 for work performed in 2017, 2019, and 2020); *Sparrow v. Sec'y of Health & Hum. Servs.*, No. 18-295V, 2021 WL 5410424, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2021) (finding that $550.00 per hour was reasonable for work Dr. Steinman performed in 2021 and that $500.00 per hour was reasonable for work he performed in 2019 and 2020); *Girardi v. Sec'y of Health & Hum. Servs.*, No. 17-181, 2020 WL 7868229, at *6 (Fed. Cl. Spec. Mstr. Dec. 7, 2020) (finding that $550.00 per hour was reasonable for Dr. Steinman's work in 2017, 2018, and 2019). In the present case, Dr. Steinman's expert reports were consistent with what he has offered in other cases, and included sections directly copied from other articles or evidence. *See, e.g.*, Report, dated Nov. 16, 2023, filed as Ex. 17 (ECF No. 18-1) at 10 (diagram reproduced from Scientific American article on how molecular mimicry works). While he should be cautious of continuing his "copy paste" approach in future cases, I will not reduce his costs herein, as I am reluctant to reduce experts' costs for their work for the program.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, and award a total of **$109,260.68 (comprised of $73,675.00 in fees and $35,585.68 in costs) to be paid through an ACH deposit to Petitioners' counsel's (Jeffrey Pop) IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

    **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.